**AEGIS LAW FIRM, PC**
KASHIF HAQUE, State Bar No. 218672
SAMUEL A. WONG, State Bar No. 217104
JESSICA L. CAMPBELL, State Bar No. 280626
jcampbell@aegislawfirm.com
KRISTY R. CONNOLLY, State Bar No. 328477
Kconnolly@aegislawfirm.com
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Telephone: (949) 379-6250
Facsimile:  (949) 379-6251

Attorneys for Plaintiff Charles Guzman, individually,
and on behalf of all others similarly situated.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GUZMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> KATMAI TECHNICAL SERVICES, LLC; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 23-cv-1671-RSH-DDL <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT FOR:** <br><br> 1.  Failure to Pay Minimum Wages; <br> 2.  Failure to Pay Overtime Wages; <br> 3.  Failure to Provide Meal Periods; <br> 4.  Failure to Permit Rest Breaks; <br> 5.  Failure to Reimburse Business Expenses; <br> 6.  Failure to Provide Accurate Itemized Wage Statements; <br> 7.  Failure to Pay Wages Timely During Employment; <br> 8.  Failure to Pay All Wages Due Upon Separation of Employment; <br> 9.  Violation of Business and Professions Code §§ 17200, *et seq*.; and <br> 10. Violation of Fair Labor Standards Act |

Plaintiff Charles Guzman, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiff Charles Guzman ("Plaintiff") brings this putative class action and collective action pursuant to 29 U.S.C § 201, *et seq.* ("FLSA") action against defendants Katmai Technical Services, LLC, and DOES 1 through 20, inclusive (collectively, "Defendants"), on Plaintiff's own behalf and on behalf of a putative class of California citizens who are and were employed by Defendants as non-exempt employees throughout California.

2.     Defendants provide services or goods throughout California.

3.     Through this action, Plaintiff alleges that Defendants engaged in a systematic pattern of wage and hour violations under the California Labor Code, Industrial Welfare Commission ("IWC") Wage Orders, and the Fair Labor Standards Act ("FLSA") all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believe, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws and the FLSA by, among other things:

        (a)    failing to pay all wages (including minimum wages and overtime wages);

        (b)    failing to provide lawful meal periods or compensation in lieu thereof;

        (c)    failing to authorize or permit lawful rest breaks or provide compensation in lieu thereof;

        (d)    failing to reimburse necessary business-related costs;

        (e)    failing to provide accurate itemized wage statements;

        (f)    failing to pay wages timely during employment; and

        (g)    failing to pay all wages due upon separation of employment.

5.      Plaintiff seeks monetary relief against Defendants on behalf of Plaintiff and all others similarly situated in California to recover, among other things, unpaid wages, un-reimbursed business expenses, benefits, interest, attorneys' fees, costs and expenses, and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198, 2800, and 2802, and Code of California Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

6.      Defendant removed the case to this Court on the grounds that this Court has federal enclave jurisdiction.

7.      Venue is proper in this Court because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this division and Defendant is subject to this Court's personal jurisdiction.

## THE PARTIES

8.      Plaintiff is a resident of California and worked for Defendants during the relevant time periods as alleged herein.

9.      During Plaintiff's employment with Defendants, his job site was located on the Camp Pendleton military base in San Diego, California. Prior to receiving access to enter the military base, Plaintiff was required to meet at a specified parking location that was located outside of the military base where Defendants picked Plaintiff up and drove him to his job site located on Camp Pendleton. Although Plaintiff performed most of his job duties for Defendants on Camp Pendleton, Plaintiff was occasionally required to drive off of the military base to deliver and/or pick up equipment and/or supplies for Defendants.

10.      Plaintiff is informed and believes, and thereon alleges that at all times hereinafter mentioned, Defendants were and are subject to the Labor Code, IWC Wage Orders, and the FLSA as employers, whose employees were and are engaged throughout this county and the State of California.

11.     Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

12.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 20 are or were the partners, agents, owners, shareholders, managers, or employees of Defendants at all relevant times.

13.     Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant. Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15.     At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

17.    Plaintiff brings the Ninth Cause of Action below for violations of the FLSA as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §201, *et seq.* on behalf of all persons currently or formerly employed by Defendant in the United States as non-exempt employees ("Covered Employees") within three years prior to the filing of this action to the present ("FLSA Class Period").

18.    At all relevant times, Plaintiff and the other Covered Employees have been similarly situated and have been subject to Defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them for all their hours worked and willfully failing to keep records required by the FLSA.  The claims of Plaintiff stated herein are similar to those of the other Covered Employees.

19.    The Claim for Relief is properly brought and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C.§ 201, *et seq.* The Covered Employees are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided to the Covered Employees via first class mail to the last address known to their employer.

## **CLASS ACTION ALLEGATIONS**

20.    Plaintiff brings this action under Code of Civil Procedure § 382 on Plaintiff's own behalf and on behalf of all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

21.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

22.    Plaintiff's proposed class consists of and is defined as follows:

Class

FIRST AMENDED COMPLAINT

All California citizens currently or formerly employed by Defendants as non-exempt employees in the State of California at any time between February 7, 2019[1] and the date of class certification ("Class").

23.  Plaintiff also seeks to certify the following subclasses of employees:

Waiting Time Subclass

All members of the Class who separated their employment with Defendant at any time between February 7, 2020 and the date of class certification ("Waiting Time Subclass").

24.  Plaintiff reserves the right to modify or re-define the Class, establish additional subclasses, or modify or re-define any class or subclass definition as appropriate based on investigation, discovery, and specific theories of liability.

25.  Members of the Class and the Waiting Time Subclass described above will be collectively referred to as "Class Members."

26.  There are common questions of law and fact as to the Class Members that predominate over any questions affecting only individual members including, but not limited to, the following:

(a)  Whether Defendants failed to pay Plaintiff and Class Members all wages (including minimum wages and overtime wages) for all hours worked by Plaintiff and Class Members.

(b)  Whether Defendants required Plaintiff and Class Members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay them proper overtime compensation for all overtime hours worked.

---

[1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020 pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.

(c)     Whether Defendants deprived Plaintiff and Class Members of timely meal periods or required Plaintiff and Class Members to work through meal periods without legal compensation.

(d)     Whether Defendants deprived Plaintiff and Class Members of rest breaks or required Plaintiff and Class Members to work through rest breaks.

(e)     Whether Defendants failed to reimburse Plaintiff and Class Members for necessary business-related costs expended for the benefit of Defendants.

(f)     Whether Defendants failed to provide Plaintiff and Class Members accurate itemized wage statements.

(g)     Whether Defendants failed to pay wages timely to Plaintiff and Class Members;

(h)     Whether Defendants failed to timely pay the Waiting Time Subclass all wages due upon termination or within seventy-two (72) hours of resignation.

(i)     Whether Defendants' conduct was willful or reckless.

(j)     Whether Defendants engaged in unfair business practices in violation of Business and Professions Code §§ 17200, *et seq*.

27.     There is a well-defined community of interest in this litigation and the proposed Class and subclasses are readily ascertainable:

(a) <u>Numerosity</u>: The Class Members are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than fifty (50) individuals. The identities of the Class Members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b) <u>Typicality</u>: Plaintiff's claims (or defenses, if any) are typical of the claims (or defenses, if any) of the Class Members because Defendants' failure to

comply with the provisions of California's wage and hour laws entitled each Class Member to similar pay, benefits, and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class Members, because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of all Class Members because it is in Plaintiff's best interest to prosecute the claims alleged herein to obtain full compensation and penalties due. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of the Class Members.

(d) <u>Superiority</u>: The nature of this action makes use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class and Waiting Time Subclass at the same time. If appropriate, this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e) <u>Public Policy Considerations</u>: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

## **GENERAL ALLEGATIONS**

28.    At all relevant times mentioned herein, Defendants employed Plaintiff and other California residents as non-exempt employees throughout California at Defendants' California business location(s).

29.    Defendants continue to employ non-exempt employees within California.

30.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees, and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law and the FLSA.

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code, IWC Wage Orders, and the FLSA, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate and within the correct time.

32.    Plaintiff is informed and believes, and thereon alleges, that Defendants have a policy in place in which they did not compensate Plaintiff and Class Members for time spent in compulsory round-trip travel. Plaintiff and Class Members were required to meet at a specified parking location where Defendants would pick them up to drive them to their assigned jobsites. Once their shift was over, Plaintiff and Class Members had to wait at their jobsites for Defendants to pick them up to drive them back to the specified parking location. Plaintiff and Class Members were prohibited from using their own personal transportation to

drive themselves to their assigned job sites. All of this compulsory travel time was not compensated.

33.    Plaintiff is informed and believes, and thereon alleges, that Defendants also have a policy in place under which they failed to include shift differentials into Plaintiff and Class Members' regular rate of pay, thereby underpaying overtime and sick pay, when Plaintiff and Class Members earned more than one rate of pay within a pay period.

34.    Plaintiff is informed and believes, and thereon alleges, that Defendants have a policy in place in which they did not pay Plaintiff and Class Members for all hours worked and instead, Defendants either only paid for scheduled time or they rounded Plaintiff and Class Members' time records in Defendants' favor.

35.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when they did not receive a timely, uninterrupted meal period.

36.    Plaintiff is informed and believes, and thereon alleges, that Defendants have a policy in place in which they failed to relieve Plaintiff and Class Members from duty for a meal period. Defendants did not obtain on-duty meal period agreements for Plaintiff and Class Members who were required to remain on-premises and on-duty during their meal periods. Defendants did not provide Plaintiff and Class Members with premium pay for these on-duty meal periods.

37.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and

Class Members' regular rate of pay when a rest break was late, missed, or interrupted. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff's and Class Members' regular rate of pay when a rest break was missed, late, or interrupted.

38.   Plaintiff is informed and believes, and thereon alleges, that Defendants have a policy in place in which they failed to relieve Plaintiff and Class Members from duty during their rest breaks. Plaintiff and Class Members were required to remain on-premises and on-duty during their rest breaks. Defendants did not provide Plaintiff and Class Members with premium pay for these on-duty rest breaks.

39.   Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement and/or indemnification for all necessary business expenditures or losses as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members incurred necessary business expenses or losses, but were not reimbursed nor indemnified of such expenses or losses that were incurred as a direct consequence of the discharge of their duties, or of their obedience to the directions of Defendants.

40.   Plaintiff is informed and believes, and thereon alleges, that Defendants had a policy in place under which they did not reimburse Plaintiff and Class Members when they were required to use their personal cell phones for work purposes, including responding to all work-related communications between other employees and supervisors, communicating with clients, and for GPS purposes. Defendants also required Plaintiff and Class Members to download the mobile application Slack onto their personal cell phones to facilitate these communications.

41.    Plaintiff is informed and believes, and thereon alleges, that Defendants had a policy in place under which they did not reimburse Plaintiff and Class Members for expenses incurred as a direct consequence of the discharge of their duties, including safety equipment such as safety googles, gloves, ventilation masks, and socks for steel-toed boots.

42.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

43.    However, Defendants failed to provide Plaintiff and Class Members with accurate itemized wage statements by failing to provide all applicable hourly rates in effect and the total hours worked. In addition, the wage statements fail to accurately state the net and gross wages earned and the number of hours worked due to the violations discussed above.

44.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Waiting Time Subclass was entitled to timely payment of wages due upon separation of employment. In violation of the Labor Code, the Waiting Time Subclass did not receive payment of all wages within the permissible time periods.

45.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and Class Members, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so in order to increase Defendants' profits.

46.    Therefore, Plaintiff brings this lawsuit seeking monetary and injunctive relief against Defendants on Plaintiff's own behalf and on behalf of all Class Members to recover, among other things, unpaid wages (including minimum wages and overtime wages), unpaid meal period premium payments, unpaid rest period premium payments, unreimbursed business expenditures, interest, attorneys' fees, penalties, costs, and expenses.

## FIRST CAUSE OF ACTION

## <u>FAILURE TO PAY MINIMUM WAGES</u>

(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order §3-4)

47.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

48.    Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

49.    Plaintiff and Class Members were employees entitled to the protections of Labor Code §§ 1194 and 1197.

50.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members all wages owed when Defendants did not pay minimum wage for all hours worked.

51.    During the relevant time period, Defendants failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

52.    Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

53.    Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

## SECOND CAUSE OF ACTION

## <u>FAILURE TO PAY OVERTIME</u>

(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order § 3)

54.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

55.    Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½)  or two (2) times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

56.    Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

57.    The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

-14-

58.    California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

59.    Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

60.    Plaintiff and Class Members were employees entitled to the protections of California Labor Code §§ 510 and 1194.

61.    During the relevant time period, Defendants required Plaintiff and Class Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or on a seventh consecutive day of work, entitling them to overtime wages.

62.    During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked. To the extent these hours qualify for the payment of overtime wages, Plaintiff and Class Members were not paid proper overtime wages.

63.    In violation of California law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

64.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

65.    Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### <u>FAILURE TO PROVIDE MEAL PERIODS</u>

(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)

66.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

67.    Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

68.    Section 11 of the applicable IWC Wage Order states, "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

69.    Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

70.    Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

71.    During the relevant time period, Plaintiff and Class Members did not receive compliant meal periods for working more than five (5) and ten (10) hours per day because their meal periods were missed, late, short, interrupted, and/or they were not permitted to take a second meal period.

72.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant meal period is not provided.

73.    At all relevant times, Defendants failed to pay Plaintiff and Class Members meal period premiums for missed, late, and/or short meal periods pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

74.    As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

## FOURTH CAUSE OF ACTION
## FAILURE TO PERMIT REST BREAKS

(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)

75.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

76.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

77.    Section 12 of the applicable IWC Wage Order states "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period[,]" and the "[a]uthorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

minutes net rest time per four (4) hours or major fraction thereof[,]" unless the total daily work time is less than three and one-half (3½) hours.

78.    During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked, including working in excess of ten (10) hours in a day, because they were required to work through their rest periods and/or were not authorized to take their rest periods.

79.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires an employer to pay an employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that a compliant rest period is not provided.

80.    At all relevant times, Defendants failed to pay Plaintiff and Class Members rest period premiums for missed, late, and/or interrupted rest periods pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

81.    As a result of Defendants' failure to pay Plaintiff and Class Members an additional hour of pay for each day a compliant rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE BUSINESS EXPENSES</u>**

(Violation of Labor Code §§ 2800, 2802)

82.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

83.    Labor Code § 2800 states that "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

84.    Labor Code § 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in

-18-

direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer . . . ."

85.    Labor Code § 2802(b) states that "[a]ll awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

86.    Labor Code § 2802(c) states that "[f]or purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

87.    During the relevant time period, Plaintiff and Class Members incurred necessary business-related costs that were not fully reimbursed by Defendants.

88.    In violation of Labor Code §§ 2800 and 2802, Defendants failed to reimburse or indemnify Plaintiff and Class Members for their expenses due to Defendants' knowing and intentional failure to reimburse necessary business expenditures in connection with Plaintiff's and Class Members' work and job duties.

89.    As a direct result, Plaintiff and Class Members have suffered and continue to suffer losses, and therefore seek complete reimbursement and indemnification of necessary business expenditures or losses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802, including, but not limited to attorneys' fees.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

(Violation of Labor Code § 226; Violation of IWC Wage Order)

90.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

91.    Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including, the following: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

92.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and Class Members. The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, total hours worked, all applicable hourly rates in effect, and the number of hours worked at each hourly rate by Plaintiff and Class Members.

93.    As a result of Defendants' knowing and intentional failure to comply with Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily-protected rights. Specifically, Plaintiff and Class Members are deemed to suffer an injury pursuant to Labor Code § 226(e) where, as here, Defendants intentionally violated Labor Code § 226(a). Plaintiff and Class Members were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under Labor Code § 226(a). In addition, because Defendants failed to provide the accurate rates of pay on wage statements, Defendants prevented Plaintiff and Class Members from determining if all hours worked were paid at the appropriate rate and the extent of the

underpayment. Plaintiff had to file this lawsuit in order to analyze the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate hours worked, wages earned, and rates of pay. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

94.    Plaintiff and Class Members are entitled to recover from Defendants the greater of all actual damages caused by Defendants' failure to comply with Labor Code § 226(a) or fifty dollars ($50.00) for the initial pay period in which a violation occurred and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods in an amount not exceeding four thousand dollars ($4,000.00) per employee, plus attorneys' fees and costs.

95.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding, and disputing the wages paid to them and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, in the exact amount of damages and/or penalties to be shown according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**<u>FAILURE TO PAY TIMELY DURING EMPLOYMENT</u>**

(Violation of Labor Code §§ 204, 210)

96.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

97.    Pursuant to California Labor Code § 204, employees must be paid within a certain number of days of the close of the pay period.

98.    During the relevant time period, Defendants failed to timely pay Plaintiffs and Class Members wages earned during the pay period.

99.    Such a pattern, practice and uniform administration of corporate policy regarding timely payment of wages as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 210.

100.    As a direct and proximate cause of these violations, Class Members have been damaged, in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT

(Violation of Labor Code §§ 201, 202, and 203)

101.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

102.    Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of an intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

103.    During the relevant time period, Defendants willfully failed to pay the Waiting Time Subclass all their earned wages upon termination, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

104.    Defendants' failure to pay the Waiting Time Subclass all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

105.    Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor

-22-

Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

106.   Pursuant to Labor Code § 203, the Waiting Time Subclass is entitled to recover from Defendants the statutory penalty, which is defined as the Waiting Time Subclass members' regular daily wages at their regular hourly rate of pay for each day they were not paid, up to a maximum of thirty (30) days.

**NINTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

(Violation of Business and Professions Code §§ 17200, *et seq.*)

107.   Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

108.   California Business and Professions Code §§ 17200, *et seq.*, prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice . . . ."

109.   A violation of California Business and Professions Code §§ 17200, *et seq.*, may be predicated on a violation of any state or federal law. In the instant case, Defendants' policies and practices violated state law, causing Plaintiff and Class Members to suffer and continue to suffer injuries-in-fact.

110.   Defendants' policies and practices violated state law in at least the following respects:

(a)    Failing to pay all wages earned (including minimum wage and overtime wages) to Plaintiff and Class Members at the proper rate and in a timely manner in violation of Labor Code §§ 204, 510, 1194, 1194.2, 1197, 1198.

(b)    Failing to provide compliant meal periods without paying Plaintiff and Class Members premium wages for every day said

-23-

meal periods were not provided in violation of Labor Code §§ 226.7 and 512.

(c)     Failing to authorize or permit compliant rest breaks without paying Plaintiff and Class Members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7.

(d)     Failing to reimburse Plaintiff and Class Members for necessary business-related expenses in violation of Labor Code §§ 2800 and 2802.

(e)     Failing to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226.

(f)     Failing to timely pay all earned wages to the members of the Waiting Time Subclass upon separation of employment in violation of Labor Code §§ 201, 202, and 203.

111.   As alleged herein, Defendants systematically engaged in unlawful conduct in violation of the California Labor Code and IWC Wage Orders, such as failing to pay all wages (minimum and overtime wages), failing to provide meal periods and rest breaks or compensation in lieu thereof, failing to reimburse necessary business-related costs and expenses, failing to furnish accurate wage statements, and failing to pay all wages due and owing upon separation of employment in a timely manner to the Waiting Time Subclass, all in order to decrease their costs of doing business and increase their profits.

112.   At all relevant times herein, Defendants held themselves out to Plaintiff and Class Members as being knowledgeable concerning the labor and employment laws of California.

113.   At all times relevant herein, Defendants intentionally avoided paying Plaintiff and Class Members wages and monies, thereby creating for Defendants an

artificially lower cost of doing business in order to undercut their competitors and establish and/or gain a greater foothold in the marketplace.

114.   By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under California Business and Professions Code §§ 17200, *et seq*.

115.   As a result of the unfair and unlawful business practices of Defendants as alleged herein, Plaintiff and Class Members are entitled to injunctive relief, disgorgement, and restitution in an amount to be shown according to proof at trial.

116.   Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, Class Members, and the general public. Based on Defendants' conduct as alleged herein, Plaintiff and Class Members are entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

**TENTH CAUSE OF ACTION**

**<u>UNLAWFUL FAILURE TO PAY WAGES</u>**

(On Behalf of Covered Employees)

(Violation of the Fair Labor Standards Act)

117.   Plaintiff hereby re-alleges and incorporates by reference the previous paragraphs, as though fully set forth herein.

118.    At all relevant times hereto, Defendant has been, and are, employers engaged in commerce, as those terms are defined in 29 U.S.C. §203(b) and (d). As such, Defendant employed the Covered Employees. At all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

119.   Plaintiff is informed and believes, and thereon alleges, during the relevant time period, Defendant required Plaintiff and Covered Employees, as part

of their employment, to work without paying them the minimum hourly wage as required by 29 U.S.C. § 206.

120.   Plaintiff is informed and believes, and thereon alleges, during the relevant time period, Defendant required Plaintiff and Covered Employees, as part of their employment, to work in excess of the 40 hour per week maximum under 29 U.S.C. §207(a)(1), without proper overtime compensation as required by 29 U.S.C. § 207.

121.   During the relevant time period, Defendant willfully failed to pay all minimum and overtime wages owed to Plaintiff and Covered Employees.

122.   As a result of the foregoing, Plaintiff and Covered Employees are entitled to recover their unpaid balance of the full amount of unpaid minimum and overtime compensation, as well as interest, costs and attorneys' fees, pursuant to 29 U.S.C. §§ 206, 207, and 216(b).

123.   Plaintiff and Covered Employees are also entitled to recover liquidated damages for Defendant's failure to pay minimum and overtime wages in an amount equal to the wages unlawfully unpaid and interest therein pursuant to 29 U.S.C. § 216(b).

124.   In committing the violations as herein alleged, Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and Covered Employees for all wages earned. As a direct result, Plaintiff and Covered Employees have suffered and continue to suffer substantial losses relating to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendant to fully perform their obligations under federal law, all to their respective damage in amounts according to proof at trial.

## **PRAYER FOR RELIEF**

On Plaintiff's own behalf and on behalf of all others similarly situated, Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

1. For certification under California Code of Civil Procedure § 382 of the proposed Class and any other appropriate subclass and/or certification as a collective action 29 U.S.C. § 216;

2. For appointment of Charles Guzman as class representative;

3. For appointment of Aegis Law Firm, PC, as class counsel for all purposes;

4. For compensatory damages in an amount according to proof at trial;

5. For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, unreimbursed expenses, benefits, and penalties;

6. For economic and/or special damages in an amount according to proof at trial;

7. For liquidated damages pursuant to Labor Code § 1194.2 and 29 U.S.C. § 216(b);

8. For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

9. For injunctive relief as provided by the California Labor Code and California Business and Professions Code §§ 17200, *et seq.*;

10. For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

11. For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair, or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

12. For pre-judgment interest;

13.     For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law, including, but not limited to, 29 U.S.C. § 216(b), Code of Civil Procedure § 1021.5, and Labor Code §§ 226(e) and 1194; and

14.     For such other relief as the Court deems just and proper.


Dated: January 4, 2024                     **AEGIS LAW FIRM, PC**


By: _____
Kristy R. Connolly
Attorneys for Plaintiff Charles Guzman

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: January 4, 2024                     **AEGIS LAW FIRM, PC**


By: _____
Kristy R. Connolly
Attorneys for Plaintiff Charles Guzman